**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KEVIN CARTER, | **Hon. Renée Marie Bumb** |
| Petitioner, | Civil No. 12-4113 (RMB) |
| v. | **O P I N I O N** |
| J.T. SHARTLE, et al., |  |
| Respondents. |  |

**APPEARANCES:**

    KEVIN CARTER, #15587-014
    FCI Fairton
    P.O. Box 420
    Fairton, New Jersey  08320
    Petitioner Pro Se

**BUMB, District Judge:**

    Kevin Carter, who is presently confined at FCI Fairton in New Jersey and serving a 189-month federal sentence, see United States v. Carter, Crim. No. 04-0174 (EBB) am. judgment (D. Conn. Sept. 19, 2011), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a fully expired 10-year Connecticut sentence entered January 25, 1994, that was considered in his criminal history score when the District Court resentenced him in 2011.  Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction, and deny a certificate of appealability.[1]

---

[1] Since this Court lacks jurisdiction over the Petition under § 2254, this Court lacks jurisdiction to transfer it.

## I.   BACKGROUND

On January 25, 1994, Kevin Carter pled guilty to possession of narcotics with intent to sell, in violation of Connecticut law.  See State v. Carter, CR 12-131211 transcript (Conn. Super. Ct., Jan. 25, 1994) (Dkt. 1 at 27.)  Judge Christina G. Dunnell sentenced him to ten years in prison, execution suspended after five years, concurrent to the sentence he was then serving.  (Id. at 33.)

On May 26, 2004, a grand jury in the United States District Court for the District of Connecticut indicted Carter on several federal charges in connection with the armed robbery of a jewelry store on March 20, 2003.  See United States v. Carter, 173 Fed. App'x 79, 80 (2d Cir. 2006).  On January 21, 2005, a jury found him guilty of violation of the Hobbs Act and a related firearm offense.  On May 2, 2005, Judge Ellen Bree Burns sentenced Carter to an aggregate term of 360 months in prison.  Carter appealed, and on March 27, 2006, the Second Circuit affirmed the conviction and sentence.[2]  Id.  On October 2, 2006, the Supreme Court denied certiorari.  See United States v. Carter, 549 U.S. 876 (2006) (mem.)

---

[2] On appeal, Carter challenged the denial of his motion to suppress evidence seized from his automobile, the admission of expert testimony from an FBI analyst, and the sufficiency of the evidence on the Hobbs Act conviction because there was insufficient evidence for the jury to find that the robbery had an impact on interstate commerce.  See Carter, 173 Fed. App'x at 80-82.

On October 5, 2007, Carter filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court. See Carter v. United States, Civ. No. 07-1477 (EBB) (D. Conn. filed Oct. 5, 2007). On July 14, 2008, Judge Burns denied the motion. Carter filed a motion for reconsideration. On August 6, 2010, Judge Burns granted the motion for reconsideration, and ruled that Carter's counsel was ineffective in not contesting the sentence enhancements he received for being a career offender and armed career criminal. See Carter v. United States, 731 F. Supp. 2d 262 (D. Conn. 2010). Judge Burns ruled that Carter did not have the required two prior felony convictions to support a sentence enhancement under the career offender guidelines or the three prior predicate convictions that are required to support a sentence enhancement as an armed career criminal under the Armed Career Criminal Act, and granted the motion to vacate his sentence. See Carter v. United States, 731 F. Supp. 2d 262 (D. Ct. 2010).[3] By amended judgment filed September 19, 2011, Judge

---

[3] Carter's pre-sentence report identified five prior felony convictions that qualified as a crime of violence or a controlled substance offense under the career offender guidelines and as a violent felony or serious drug offense under the ACCA: June 10, 1985, robbery conviction; August 11, 1988, conviction of risk of injury to a minor; January 2, 1992, conviction of sale of narcotics; January 2, 1992, conviction of possession of narcotics; and the January 25, 1994, conviction of sale of narcotics which is challenged in this § 2254 Petition. Judge Burns found that, unlike some other convictions, the January 25, 1994, conviction qualified as a controlled substance offense under career offender guidelines, Carter, 731 F. Supp. 2d at 271, and was a predicate offense under the ACCA, id. at 275.

Burns re-sentenced Carter to 105 months on the Hobbs Act offenses, and a mandatory consecutive 84-month term for using and carrying a firearm during and in relation to a crime of violence, for a total of 189 months.  See State v. Carter, Crim. No. 04-0174 am. judgment (D. Conn. Sept. 19, 2011).  On September 22, 2011, Carter appealed the amended judgment and on October 29, 2011, the government cross appealed; the matter is pending before the Second Circuit.  See United States v. Carter, C.A. 11-3867 (2d Cir. docketed Sept. 27, 2011).

Carter executed the § 2254 Petition on June 28, 2012.  Although Carter did not use the § 2254 form, he labeled the pleading "Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254."  (Dkt. 1 at 1.)  He states that the Petition "challeng[es] his 'currently served enhanced Federal Sentence,' which is enhanced by the January [2]5, 1994 state conviction which was relied upon for his continuing Federal detention, pursuant to § 2254."[4]  (Id.)  He challenges the 1994 Connecticut conviction on the grounds that his attorney had a potential or actual conflict of interest in representing him and his co-defendant and wife, Sarah

---

[4] Contrary to Carter's assertions in the Petition, the docket in the criminal proceeding shows that, while the January 25, 1994, conviction was used to enhance Carter's initial sentence, at his resentencing in 2011, it was simply included in calculating his criminal history.  See Carter, Crim. No. 04-0174 sentencing mem. at dkt. 104 (D. Conn. Aug. 29, 2011).

Carter.  (Dkt. 1 at 9.)  He seeks a writ granting the following relief:

> Petitioner prays that this Honorable Court GRANT Petitioner the relief which is sought under 28 U.S.C. § 2254, by entertaining his habeas petition challenging his "currently served enhanced federal sentence," which is enhanced by the "fully expired prior unconstitutional State conviction."

(Dkt. 1 at 16.)

## II.   STANDARD OF REVIEW

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4.  Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.

### III.  DISCUSSION

A.  Jurisdiction

Section 2254(a) provides that "a district court shall entertain an application fir a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The United States Supreme Court has interpreted the "in custody" language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1 (1998).  The "in custody" language does not require that a prisoner be physically confined in order to challenge his sentence in habeas corpus.  See e.g.,

6

Jones v. Cunningham, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody").  The Supreme Court "ha[s] never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng, 490 U.S. at 491; see also Drakes v. INS, 330 F.3d 600 (3d Cir. 2003); United States v. Thomas, 42 F.3d at 824.  Thus, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

The jurisdictional question in this case is governed by Maleng v. Cook, 490 U.S. at 492, and supported by Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001) and Daniels v. United States, 532 U.S. 374 (2001).  In Maleng, the petitioner filed a § 2254 habeas petition in the United States District Court for the Western District of Washington challenging a 1958 Washington State conviction and 20-year sentence for robbery, which expired by its terms in 1978, but was used to enhance a 1978 Washington State sentence (for a crime committed while he was on parole).  At the time the petitioner filed his § 2254 petition in 1985, he was serving the 1978 sentence, but the 20-year sentence imposed on the 1958 conviction had been fully served.  The petitioner alleged that the 1958 state conviction

was invalid because he had not been given a competency hearing and it had been used illegally to enhance his 1978 state sentences. The Supreme Court held that the petitioner was not "in custody" on the fully expired 1958 sentence at the time he filed the § 2254 petition challenging it, even though it was used to enhance a 1978 state sentence he was serving:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.  We hold that he does not . . . .  Since almost all States have habitual offender statutes, and many States provide as Washington does for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas.  This would read the "in custody" requirement out of the statute . . .
>
> In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion.  When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

Maleng, 490 U.S. at 492-93.

Here, Carter, a prisoner who is currently serving a federal sentence, expressly challenges a 1994 state conviction which

expired by its terms on January 25, 2004, eight years before he signed his § 2254 Petition. Like the petitioner in Maleng, Carter's § 2254 Petition challenges a conviction that was fully expired when he filed his § 2254 Petition in 2012. Under the holding of Maleng, this Court lacks jurisdiction over the Petition under § 2254 because Carter was not "in custody" pursuant to the Connecticut conviction he challenges at the time he filed this § 2254 Petition.

Carter nevertheless argues that he is "in custody" to challenge the 1994 conviction:

> Finally, as Petitioner does not bring this Federal Habeas Corpus petition directed solely at the State conviction, Petitioner satisfies the criteria of § 2254's "in custody" requirement as 1) Petitioner is currently serving the sentence for the latter conviction (See United States v. Kevin Carter, 173 Fed Appx 79 (2006)); and 2) the § 2254 petition can be, and should be, construed as asserting a challenge to the latter sentence as enhanced by the allegedly invalid prior conviction.

(Dkt. 1 at 16.)

In Daniels v. United States, 532 U.S. 374 (2001), and Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court addressed whether a prisoner may challenge a current state sentence under § 2254 (Coss) or a current federal sentence under § 2255 (Daniels) on the ground that a prior state conviction used to enhance the current sentence was unconstitutionally obtained. This Court will briefly outline Coss and Daniels, and will then consider Carter's contention that

9

he is "in custody" under a sentence "enhanced" by an unconstitutional state sentence.

In 1994, Coss filed a § 2254 petition in the United States District Court for the Middle District of Pennsylvania attacking a 1990 Pennsylvania sentence he was currently serving, "where [the] current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence ha[d] fully expired." Coss, 532 U.S. at 401.  Citing Maleng, the Supreme Court noted that "Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions."  Id.  Nevertheless, the Court determined that, because the § 2254 petition was attacking the current state sentence, as enhanced by the allegedly unconstitutional expired state conviction, Coss satisfied § 2254's "in custody" requirement.  Id. at 401- 02.  The Supreme Court severely limited such a challenge, however, holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence . . . on the ground that the prior conviction was unconstitutionally

obtained." Coss, 532 U.S. at 403 (citation omitted). The Supreme Court recognized one exception to this rule: "When an otherwise qualified . . . petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." Coss, 532 U.S. at 404.[5]

Similarly, in Daniels v. United States, 532 U.S. 374, Daniels filed a motion to vacate, set aside, or correct, pursuant to 28 U.S.C. § 2255, his current federal sentence on the ground that it was imposed in violation of the Constitution because it was enhanced based in part on fully expired state convictions which were themselves unconstitutional because they were both based on guilty pleas that were not knowing and voluntary, and because one conviction was also the product of ineffective assistance of counsel. Id. at 377. Because Daniels was serving the federal sentence he was challenging at the time he filed his § 2255 motion, there was no question that he was "in custody" on the conviction being attacked, and the Supreme Court did not discuss this issue. As in Coss, the Supreme Court held that a prisoner may not challenge a current federal sentence under §

---

[5] Three justices in the 5/4 Coss majority would also permit a challenge to the underlying expired conviction in situations where "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." Coss, 532 U.S. at 406.

2255 on the ground that it was enhanced by a fully expired unconstitutional state conviction, except where the expired conviction was obtained in violation of the right to counsel.

This case is governed by Maleng because Carter, who is serving a federal sentence, is challenging his 1994 expired Connecticut conviction under § 2254. Although Carter is "in custody" under his current federal sentence, he did not file a motion under 28 U.S.C. § 2255 or a habeas petition under 28 U.S.C. § 2241 attacking his current sentence. Under Maleng, this Court lacks jurisdiction to entertain Petitioner's challenge to the fully expired 1994 conviction because Carter was not "in custody" under that conviction when he filed this § 2254 Petition attacking it. As the Supreme Court explained in Daniels, 532 U.S. at 381,

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V). These vehicles for review, however, are not available indefinitely and without limitation.

Id.

This Court will not recharacterize this § 2254 Petition as a § 2255 motion or a § 2241 petition challenging Carter's current federal sentence. A § 2255 motion would be barred as an

unauthorized successive § 2255 motion, since Carter already pursued relief under § 2255.  See 28 U.S.C. § 2255(h).  Nor will this Court recharacterize this § 2254 Petition as a § 2241 habeas petition because a district court lacks jurisdiction under § 2241 to entertain a claim challenging a federal sentence enhanced by expired unconstitutional state sentence, insofar as a § 2255 motion is not an inadequate or ineffective remedy.  See Gross v. Sniezek, 396 Fed. App'x 802 (3d Cir. 2010); Webb v. Martinez, 386 Fed. App'x 136 (3d Cir. 2010).

To summarize, because Petitioner is not "in custody" on the 1994 Connecticut conviction, this Court lacks jurisdiction to entertain this Petition challenging that conviction under 28 U.S.C. § 2254.  See Maleng v. Cook, 490 U.S. at 491-92.  Although Petitioner is "in custody" on his current federal conviction, this Court declines to recharacterize the § 2254 Petition as a motion under § 2255 to vacate the current federal sentence or a § 2241 petition.  This Court will accordingly dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2254(a).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v.

McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  This Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for lack of subject matter jurisdiction and denies a certificate of appealability.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: **October 17, 2012**